```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PIERRE LAVI,                                                :
                                                            :
                              Plaintiff,                    :
                                                            :         22-cv-6000 (VSB)
               -against-                                    :
                                                            :              ORDER
                                                            :
BANK NEGARA INDONESIA,                                      :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

On July 14, 2022, Plaintiff filed this action against Defendant Bank Negara Indonesia Branch. (Doc. 1.) Plaintiff obtained a summons on September 23, 2022. (Doc. 7.) To date, Plaintiff has not filed an affidavit of service nor taken any other action that would indicate that Defendant has been served.

As Plaintiff is a *pro se* litigant proceeding *in forma pauperis*, he is entitled to rely on the U.S. Marshals Service to effect service. However, Plaintiff is still responsible for requesting extensions from the Court to extend the time for service.[1] *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). As of today, service is significantly overdue. Therefore, it is hereby

ORDERED that the deadline to effect service is extended to December 15, 2022. Plaintiff is reminded that he is responsible for requesting extensions from the Court to extend the time for service, and failure to do so will result in dismissal of this action. The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

---

[1] "If a plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so." *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012)

SO ORDERED.

Dated:   November 30, 2022
         New York, New York

_____
Vernon S. Broderick
United States District Judge